JOSEPH NURSE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1894; and February 4, 1895.

1. **Passenger Carriers:** DIRECTIONS OF CONDUCTOR: CAUSE OF ACTION. Plaintiff was a passenger on a freight car on defendant's freight train and asked the conductor for oil for a lamp, which lamp was necessary to plaintiff in his situation. The conductor told him to come back to the caboose at the next stop and he would supply the oil. It attempting to go back in the dark at the next stop in obedience to said direction, plaintiff was precipitated in a culvert and injured. *Held,* defendant was liable. Authorities discussed and distinguished.

2. **Contributory Negligence:** EVIDENCE. There is no evidence in this case that the plaintiff in attempting to obey the directions of the conductor did so in a negligent manner.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Edward D. Kenna, L. F. Parker,* and *H. S. Abbott* for appellant.

(1) The court below should have given the instructions directing a verdict for the defendant, asked by it at the close of plaintiff's evidence and again at the close of all the evidence. Negligence arises from a breach of a duty, and is not presumed from a mere accident. Plaintiff, in order to recover, should have proven, by a preponderance of the evidence: *First,* a duty owing him by defendant; and, *second,* its violation. He did neither. *Yarnell v. Railroad,* 21 S. W. Rep. 1; *Railroad v. Buckelew,* 22 S. W. Rep. 994; *Herstine v. Railroad,* 25 Atl. Rep. 104; *Minock v. Railroad,* 97

Mich. 425.   A railway company is not an insurer of its passengers.  *Railroad v. Buckelew, supra; Renneker v. Railroad*, 20 S. C. 218; *Railroad v. Marion*, 104 Ind. 239; *Napheys v. Railroad*, 90 Pa. 135; *Gilson v. Railroad*, 76 Mo. 282–286.   There was no obligation resting upon defendant to furnish oil for plaintiff's lantern, or to direct him where to find it.   *Wilson v. Railroad*, 8 S. Rep. 330; *Railroad v. Miles*, 40 Ark. 298; *Wilson v. Railroad*, 8 S. Rep. 330; *Walker v. Railroad*, 26 S. W. Rep. (Mo.) 360.   (2) Even when a railway employee, within the line of his duty and employment, directs or orders a passenger, if the danger is obvious and the passenger is injured, he can not recover.  *Hazard v. Railroad*, 1 Biss. 503; *Railroad v. Randolph*, 53 Ill. 510; *Railroad v. Swift*, 26 Ind. 459–472, 473; *Railroad v. Picklesimer*, 16 S. E. Rep. 245; *Irish v. Railroad*, 29 Pac. Rep. 845–847; *Railroad v. Jones*, 95 U. S. 439;  *Lindsey v. Railroad*, 18 Am. & Eng. R. R. Cases, 179; *Railroad v. Miles*, 40 Ark. 298; *Herman v. Railroad*, 79 Iowa, 161. (3) Under the repeated rulings of the supreme court, if the negligence of plaintiff contributed in any degree to the injury, he can not recover, and where contributory negligence appears in the plaintiff's evidence, it is proper to raise the point by a demurrer to the evidence.  *Hudson v. Railroad*, 101 Mo. 13–35; *Corcoran v. Railroad,* 105 Mo. 399–406; *Weber v. Cable Co.*, 100 Mo. 194–201; *Taylor v. Railroad*, 86 Mo. 457–463; *Stepp v. Railroad*, 85 Mo. 230–233; *Powell v. Railroad*, 76 Mo. 80–83; *Buesching v. Gas Light Co.*, 73 Mo. 219; *Harland v. Railroad*, 65 Mo. 23; *Commissioners v. Clark*, 94 U. S. 284; *Sparks v. Railroad,* 31 Mo. App. 111–115.   (4) The plaintiff was guilty of such contributory negligence, that under no circumstances can he recover.  *Railroad v. Hawk*, 42 Ill. App. 322; *Davis v. Railroad*, 64 Hun. 492; *Adams' Adm'r v. Railroad*, 82 Ky. 683; *Railroad v.*

*Greene,* 81 Ill. 19; *Smith v. Railroad,* 88 Ala. 538; *Railroad v. Ricketts,* 19 S. W. Rep. 182; *Nagle v. Railroad,* 88 Cal. 186; *Commonwealth v. Railroad,* 129 Mass. 500; *Railroad v. Cole,* 66 Tex. 562.

*Nixon & Haymes* for respondents.

(1) The demurrer of defendant to the evidence was properly overruled. *Buesching v. Gaslight Co.,* 73 Mo. 229; *Kister, Ex'r, v. Indianapolis,* 8 Am. and Eng. Corp. Cases; *Towhey v. Fruin,* 96 Mo. 105; *Donohue v. Railroad,* 91 Mo. 191; *O'Hare v. Railroad,* 95 Mo. 663. It is declared as a matter of law by the courts that a passenger is not guilty of contributory negligence in trusting that the carrier will discharge its duty to him and will not expose him to unnecessary danger. Beach on Contributory Negligence, sec. 23; *Moberly v. Railroad,* 17 Mo. App. 542; *Bronell v. Railroad,* 84 N. Y. 241; *Kellogg v. Railroad,* 26 Wis. 220; *Railroad v. Buck,* 96 Ind. 347. There is no evidence that the plaintiff was not exercising due care as he followed the directions of the conductor. *Leslie v. Railroad,* 88 Mo. 51; *Patty v. Railroad,* 88 Mo. 306; *Adams v. Railroad,* 100 Mo. 562. Under the law and the evidence the demurrer was properly overruled. (2) The plaintiff was on defendant's freight train, where he had a right to be. He was in charge of his stock and property, with the consent of the defendant, and was entitled to all the care, diligence and protection of passengers on regular passenger trains. *Railroad v. Host,* 93 U. S. 219; *Carroll v. Railroad,* 88 Mo. 239; Thompson on Care of Pass., sec. 20, p. 234; *Railroad v. Kessler,* 18 Kan. 523; *Edgerton v. Railroad,* 39 N. Y. 227; Rorer on Railroads, 986; *Railroad v. Lockwood,* 17 Wall. 357. (5) To exempt the corporation from liability under the facts in this record would upset all fundamental legal principles and shock the

sense of justice and common humanity. *Randolf v. Railroad*, 18 Mo. App. 609; *Garrelsen v. Duenkel*, 50 Mo. 104; *Cousins v. Railroad*, 66 Mo. 573; *Ramsden v. Railroad*, 104 Mass. 120; *Whitehead v. Railroad*, 99 Mo. 65; *Allerton v. Railroad*, 48 Iowa, 276. (4) Defendant was guilty of gross negligence toward plaintiff. *Cackle v. Railroad*, 7 C. P. 321; *Cartwright v. Railroad*, 52 Mich. 606; *Railroad v. Buck's Adm'r*, 96 Ind. 347; *Railroad v. Whitfield*, 44 Miss. 466; *Weller v. Railroad*, L. R. 9 C. P. 126; *Railroad v. Hendricks*, 41 Ind. 48; *McGee v. Railroad*, 92 Mo. 209; *Chance v. Railroad*, 10 Mo. App. 357. (5) The plaintiff not being acquainted with the surroundings, he had a right to rely upon the instructions of the conductor and was not negligent in getting off the train in obedience to the conductor's directions. He knew of no danger, and, relying upon his conductor's orders, had a right to anticipate none. *Kelley v. Railroad*, 70 Mo. 608; *Chance v. Railroad*, 10 Mo. App. 357. Beach on Contributory Negligence, page 173, section 53; page 71, and other cases herein cited under heading number 2, demurrer to evidence.

ELLISON, J.—This action is for personal injuries sustained by plaintiff, who was at the time a passenger on one of defendant's freight trains. The train was composed of an engine, a caboose and about twenty-four or twenty-five box cars. Plaintiff and his father were, with the permission of the defendant, riding in a box car with the freight they were shipping. The freight consisted of some household furniture in one end of the car and some live stock in the other end. Plaintiff had a lantern with him which was shown to be necessary in order properly to look after the stock during the night. They were from Iowa and had been transferred to defendant's road at St. Louis being

destined for Lebanon, Missouri. Plaintiff's lantern needed to be filled with oil, and at a station, the name of which plaintiff did not know, but which defendant's conductor testified was Newburg, at about dark, plaintiff went down to the caboose car and asked the conductor for some oil. The conductor stated to him that he would let him have the oil but as the train was then about starting, the conductor told him to get out and come back to the caboose the first time the train stopped and he would give him the oil. The train made the next stop at or near Dixon, whereupon plaintiff got out of his car, it being then dark, and started to go down to the caboose by walking along the side of the track with one of his hands moving along on the side of the cars. When about three car lengths from his car he suddenly fell into a culvert about fifteen feet deep and received the injuries of which he complains. He was found by the conductor at the bottom of the culvert and by him, with the assistance of others, carried on a board to a hotel in Dixon. The negligence charged consists in defendant's servants stopping the train over this culvert after having directed plaintiff to get out of his car and come down to the caboose for the oil at the first time the train stopped.

The verdict being for plaintiff, we have stated the foregoing facts as the evidence in plaintiff's behalf tends to establish them. Testimony in behalf of defendant was, that the plaintiff requested the conductor to give him some oil for his lantern, and that the conductor told him that he did not then have time to do so, but that the train would probably be laid out that night at some station along the road, and that he, plaintiff, would then have time to get some oil; and that afterward plaintiff, without waiting for the train to be laid out, but at a point where it stopped, which was not a station, he got out and was injured while attempting to

get back to the caboose. The court instructed the jury at the instance of the parties on each hypothesis. There was a verdict for plaintiff for $4,500, and, plaintiff having entered a remittitur for $2,000, judgment was entered against defendant for $2,500.

There is no doubt but that there was sufficient evidence upon which to base the verdict and the only question is, do the facts which plaintiff's testimony tended to establish make a cause of action against defendant. We have concluded to answer this question in the affirmative. It appears from the evidence that the lantern was necessary for use in the condition and under the circumstances in which defendant was carrying plaintiff and his property. The conductor, in directing plaintiff to get out of his car at the next stop and come back to the caboose for the oil, was acting for the company. He was directing the passenger in regard to the passenger's convenience as such and in regard to the safety of the passenger and the stock. Suppose the passenger thus riding in the box car had asked for a chair in which to sit and had received directions to come back and get one out of the caboose; or, suppose he, not wishing to ride further in the box car, had asked permission to ride in the caboose and had received directions from the conductor to come back at the first stop; again, suppose the conductor had replied to plaintiff that he was then about starting but that the train would stop again in a few minutes at a short distance further on, and that when it did plaintiff should get out of his car and come back to the caboose; in either of these instances, it seems to us, that the conductor would be acting for the defendant in the line of his duty, and, if he was guilty of negligence in connection with such acts, the company would be liable, in the absence of contributory negligence on the part of plaintiff. The difference between what was

done in this case and a voluntary act of the passenger is quite apparent; and the authorities on the liability of the principal for the action of the servant in and about directions made to passengers are numerous and well understood. Many of them will be found collected in the brief of plaintiff's counsel.

We do not consider the authorities cited us by defendant applicable to the facts in this case. Among them is the case of *Minock v. Railroad*, 97 Mich. 425, where the court held that it could not say as a matter of law, that a railway company should notify passengers not to alight in an intervening railroad crossing at which the train stopped, merely because its servants had announced the succeeding station at the preceding station. The evidence on this point, as given by the plaintiff in that case and quoted by the court, was: "After we left Davisburg he (the brakeman) said the next station would be Holly. "*Q*. Did he say 'the next station' or the next stop?" "*A*. 'The next station' he did not say 'stop' at all." The train stopped, as required by law, at a railway crossing and the plaintiff in that case supposing she was at Holly got off and was injured.

Again, the case of the *Illinois C. R'y Co. v. Green*, 81 Ill. 19, is dwelt upon in the defendant's brief. The case was where a passenger while asleep in the night was carried by the station at which he wished to get off. The train was stopped for water at the water tank, the cars being on a bridge, and there the passenger alighted and was injured. It was claimed that it was negligence to stop the train at that place without notifying passengers of the danger. The court said: "But why notify passengers of danger? It was a stopping place for getting water, not for passengers. * * * There was a right to presume that the passenger would keep in his place, inside the car. It was not antici-

pated that he would be getting off the car, where he had no business to do so, and that there was any necessity for providing against it. It can not be said that there was any invitation to appellee to alight where he did. The mere stopping of the train is not to be so regarded. * * * The act of thus getting off in the darkness of the night, at an unknown and dangerous place, was one of great carelessness, whereby appellee exposed himself to the injury he received."

The difference in the facts of those cases and the one at bar is too apparent for comment. Plaintiff's theory in this case is, that he got off the car in which he was riding at the place where he had been directed by the conductor, viz: at the place where they should first stop.

Defendant pleaded contributory negligence on part of plaintiff, but no instruction was asked by it on this phase of the case. The instruction for plaintiff required the jury to find that he was exercising due care and caution at the time of the accident. If plaintiff's theory of the case makes a legal cause of action against defendant, there is not much room for the question of contributory negligence, since his conduct and what he did was the result of the direction of the conductor and in following such directions. When the conductor was first approached for the oil it was about dark and he of course, knew that the first time the train stopped would be after dark, and he of course knew it was dark when the train did stop. The plaintiff in getting off and starting for the caboose on which he could see a light, only did what he had been advised to do and that he did the act after setting out upon it in a careless way does not by any means appear. He proceeded along towards the caboose by the side of the train, keeping and one hand rubbing along on the cars. He did what he undertook to do in as careful a way as could be

expected under the circumstances. The question whether he should have undertaken to go to the caboose at all we have already discussed.

The defendant complains of remarks of plaintiff's counsel during the argument referring to defendant's employees as witnesses in the cause and to their interest in defendant's behalf. We have read what was objected to and can not say those remarks were of a nature to impose upon or excite the prejudice of the jury.

The judgment will be affirmed. All concur.